**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice Louise McCleary, et al., | No. CV-24-08056-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Narinder B Singh, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the

relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiffs bring this action asserting diversity as the sole basis of the Court's subject-matter jurisdiction. (Doc. 1 ¶ 11.) Plaintiffs attempted to allege the citizenship of the parties by alleging that each plaintiff is a "resident" of Missouri and that each defendant who is a natural person is a "resident" of California. (*Id.* ¶¶ 1-3, 6-8.) As to natural persons, an allegation about an individual's residence does not establish citizenship for purposes of establishing diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations omitted).

"[F]ailure to specify [a party's] state citizenship" is a "serious pleading defect" that is "fatal" to an "assertion of diversity jurisdiction." *Id.* at 857-58. Plaintiffs must amend the Complaint to allege the citizenship of the individual natural persons who are parties to this lawsuit.[1] *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). While Plaintiffs are expected to know their own citizenship, the citizenship of the defendants who are natural persons "may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Accordingly,

**IT IS ORDERED** that Plaintiffs shall file and serve an amended complaint properly

---

[1] This amended complaint pursuant to court order will not affect Plaintiffs' right under Rule 15(a)(1) to later amend once as a matter of course, if they choose to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

stating a jurisdictional basis for this action no later than **May 17, 2024**. Plaintiffs shall serve a copy of this order along with the amended complaint so Defendants will understand the reason for the amendment.

      **IT IS FURTHER ORDERED** that if Plaintiffs fail to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject-matter jurisdiction.

      Dated this 8th day of May, 2024.

_____
Dominic W. Lanza
United States District Judge