WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice Louise McCleary, et al., | No. CV-24-08056-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Narinder B Singh, et al., | |
| Defendants. | |

This lawsuit arises from a March 2022 accident involving two semi-tractor trailers, one of which was driven by Defendant Narinder Singh ("Singh") and the other of which was carrying Plaintiffs. (Doc. 19 ¶¶ 12-29.) On July 9, 2024, Plaintiffs filed a proof of service as to Singh. (Doc. 29.) The process server stated that he successfully effected service of process on July 6, 2024, by personally serving Sonia Singh, Plaintiff's "Ex-wife," at her home in Englewood, Ohio. (*Id.*)

Now pending before the Court is Singh's motion to quash service. (Doc. 34.)[1] In a nutshell, Singh argues that the service attempt was invalid because his ex-wife's house in Englewood, Ohio is not his dwelling or usual place of abode and his ex-wife is not authorized to accept service on his behalf. (*Id.*) According to Singh, "Sonia Singh is not married to nor responsible for [Singh]. She wants nothing to do with him post-divorce and owes no obligation to an unknown person claiming to be a process server. The process

---

[1] Singh's request for oral argument is denied because the issues are fully briefed and argument would not aid the decisional process. *See* LRCiv 7.2(f).

server failed to take any reasonable measure to determine if [Singh] was a resident of or living with Sonia Singh and when Sonia Singh explained the circumstances the server did not care or want to listen." (*Id.* at 3.) Singh also provides various documents as attachments to his motion, including a declaration from Sonia Singh. (Doc. 34-3.)

In response, Plaintiffs defend their basis for believing that the address in Englewood, Ohio is Singh's dwelling or usual place of abode and also argue that "[i]n the alternative, the Court should grant leave for Plaintiffs to serve [Singh] by publication and extend the deadline for service accordingly." (Doc. 37 at 6.)

In reply, Singh characterizes Plaintiffs' attempts to associate him with the address in Englewood, Ohio as "all without support and speculation" but clarifies that he "does not oppose the court granting service by publication or further efforts by Plaintiff[s'] counsel to service [Singh] at the location [in California] at which another entity . . . in a closely related case arising from this incident states [Singh] was located." (Doc. 41.)

On the one hand, the Court agrees with Singh that the service attempt on July 6, 2024 was invalid. Under Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure, service on an individual within a judicial district of the United States may be accomplished by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode, with someone of suitable age and discretion who resides there." *Id.* "Generally speaking a person's usual place of abode is the place where he is actually living, except for temporary absences, at the time service is made. There is no hard and fast rule, and a determination of abode may require a practical inquiry as to where the defendant is actually living, and a review of the facts of the particular case." *Rosa v. Cantrell*, 705 F.2d 1208, 1214 (10th Cir. 1982) (citation omitted). *See also* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 4 (2022) ("Ordinarily, the dwelling or place of abode will be where the defendant actually lives at the time of service. However, a defendant can have several abodes for purposes of service under Rule 4(e)(2), and a place of abode can qualify for service even if the defendant is not a resident of the state and uses the place only from time to time."). Having reviewed the evidence submitted by both

1   parties, the Court concludes that Singh's ex-wife's home in Englewood, Ohio does not
2   qualify as Singh's dwelling or usual place of abode. Singh's ex-wife avows in her
3   declaration that Singh has not resided in the Englewood home "[f]or nearly five years" and
4   had established a new residence in Indiana by 2020, which is where she served him with
5   the divorce papers. (Doc. 35-3 ¶¶ 3-4.) Even if, as Plaintiffs contend, the postal service
6   will still deliver mail addressed to Singh to the Englewood home, this does not establish
7   that Singh continues to live at that home, particularly in light of Singh's ex-wife's
8   declaration.

9   On the other hand, "[t]he court is not required to dismiss upon a showing that proper
10  service has not been made. Rather, the court has discretion to retain the case but quash
11  service already made and direct the plaintiff to serve properly." Gensler, *supra*, Rule 12.
12  Following that approach makes particular sense here, as Singh is obviously aware of this
13  action and has already filed an answer. (Doc. 48.) At any rate, Plaintiffs have requested
14  permission to serve Singh by publication in the event the earlier service attempt is deemed
15  invalid and Singh does not oppose that request. That makes things easy—based on Singh's
16  non-opposition, Plaintiffs made serve Singh by publication. *Alpha Property & Casualty*
17  *Ins. Co. v. Freedom Movers LLC*, 2020 WL 8991724, *2 (D. Ariz. 2020) (explaining that
18  although "[t]here is conflicting case law about whether courts applying Arizona law may
19  approve requests to serve by publication," "the best reading of [the applicable rules] is that
20  it is permissible for a party to file [such] a motion").

21  …
22  …
23  …
24  …
25  …
26  …
27  …
28  …

Accordingly,

**IT IS ORDERED** that:

1. Singh's motion to quash (Doc. 34) is **granted**.

2. Plaintiffs' unopposed request for permission to serve Singh by publication (Doc. 37) is **granted**. Plaintiffs may serve Singh by publication and the deadline to complete such service is extended to 45 days from the issuance of this order.[2]

Dated this 9th day of October, 2024.

Dominic W. Lanza
United States District Judge

---

[2] In an earlier filing, Plaintiffs stated that "service by publication will take at least four weeks under Arizona law" (Doc. 28 at 9), so 45 days should be sufficient.

- 4 -