**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice Louise McCleary, et al., | No. CV-24-08056-PCT-DWL |
| Plaintiffs, | No. CV-24-08092-PCT-DWL |
| v. | **ORDER** |
| Narinder B Singh, et al., | |
| Defendants. | |

On March 26, 2022, a collision occurred on Interstate 40 at milepost 179 between two semi tractor-trailers ("the Accident"). One of the semis was operated by Narinder Singh ("Narinder"); the other was operated by Andrew Scott Koontz and contained a passenger, Janice Louise McCleary.

On March 22, 2024, Plaintiffs McCleary and Koontz filed a tort lawsuit (CV-24-08056) against Narinder as well as (1) Parminder Singh ("Parminder"), allegedly the owner of the "cab" of the semi operated by Narinder, (2) Parminder's wife, Gurjit Kaur, (3) Sandhu Sehzade, Inc. ("Sandhu Sehzade"), the trucking company for which Narinder was hauling cargo at the time of the Accident, (4) Amarjit Singh Sandhu, the owner of Sandhu Sehzade, (5) Sandhu Trans Inc., a predecessor company to Sandhu Sehzade, and (6) Knight Transportation ("Knight"), allegedly the owner of the "box-trailer" of the semi operated by Narinder. (Docs. 1, 19.)[1] The action was assigned to the undersigned judge.

On May 13, 2024, Consolidated Plaintiff Midwest Family Mutual Insurance

---

[1] The First Amended Complaint ("FAC") dropped Sandhu Trans Inc. and Amarjit Singh Sandhu. (Doc. 19.)

Company ("Midwest"), which insures Shrock Trucking, the trucking company for which Koontz was driving at the time of the Accident, filed a separate tort lawsuit (CV-24-08092) against Narinder and Parminder. (Consol. Doc. 1.) The action was assigned to Judge Rayes.

On November 1, 2024, Midwest, Narinder, and Parminder filed a joint motion to consolidate the two actions. (Doc. 60.) The motion included all the parties to the action pending before Judge Rayes but not all the parties to the first action. (*Id.*) It did not, however, indicate that any party opposed the motion. (*Id.*) Judge Rayes consented to the consolidation, and on November 6, 2024, the Court granted the motion and consolidated the actions. (Doc. 61.)

Shortly thereafter, counsel for McCleary ("Counsel")[2] contacted the Court to indicate a desire to oppose consolidation. Court staff informed Counsel that the Court would let her know the following day whether McCleary would be given leave to file a post-consolidation opposition. The next day, without waiting to hear from the Court, McCleary filed a post-consolidation opposition. (Doc. 62.) Koontz joined her opposition. (Doc. 63.)

Rule 42 of the Federal Rules of Civil Procedure grants the Court authority to consolidate actions before the Court if they "involve a common question of law or fact." "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases," *Hall v. Hall*, 584 U.S. 59, 72 (2018), and "may consolidate cases *sua sponte*." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). *See also* 9A Wright & Miller, Fed. Prac. & Proc. § 2382 (2022) ("The consent of the parties is not required.").

"[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall*, 584 U.S. at 70. After consolidation, the suits "remain as independent as before." *Id.* The two cases may

---

[2] The docket incorrectly lists attorneys Robbins and Channell as counsel for Koontz, as well as for McCleary, and incorrectly lists attorney Slack as counsel for McCleary, as well as Koontz. The Clerk is directed to amend the docket to reflect that Robbins and Channell represent only McCleary, and Slack represents only Koontz.

be tried separately. Fed. R. Civ. P. 42(b). One case can be "finally decided" while another remains pending—in which case it is "immediately appealable by the losing party." *Hall*, 584 U.S. at 77. Consolidation does "not prejudice rights to which the parties would have been due had consolidation never occurred." *Id.* at 72. It is "a mere matter of convenience in administration." *Id.* at 70. "Consolidation [eliminates] the need for the parties and for the Court to file duplicate filings on two separate dockets. It is purely a matter of efficiency and does not otherwise affect the actions." *Weigman v. Wertz*, 2:22-cv-02112-DWL, Doc. 24 at 2.

There is one way (aside from administrative convenience) that consolidation might "affect" an action, and that is when the consolidation involves transferring a case to another judge. Local Rule of Civil Procedure ("LRCiv") 42.1(a) allows the transfer of cases to a single judge if the cases:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a).

Here, the two actions arise from the same event (the Accident), call for a determination of the same questions of law (whether Narinder negligently caused the Accident by driving while intoxicated and whether Parminder was negligent for allowing Narinder to drive his semi following Narinder's prior DUI arrest, outstanding warrants, and revocation of his license), and would entail substantial duplication of labor if heard by different judges. At any rate, the transfer from Judge Rayes to the undersigned judge affects only the parties who joined the joint motion—it has no effect on McCleary or Koontz.

McCleary asserts that "[a]lthough the two cases involve the same underlying trucking accident, there are separate and distinct issues of fact and law in both cases beyond liability for the crash," and therefore "while there will be some overlap in discovery with respect to liability for the crash, much of the discovery in this case" will not overlap. (Doc.

62 at 3.) McCleary's assertion bolsters the case *for* consolidation, as she concedes that the issues of fact and law pertaining to liability are the same in the two cases. Rule 42(a) does not require that *all* the issues of fact and law must be the same or that *all* the discovery must overlap. It requires only that there is "a common question of law or fact," and clearly there is at least one such question here, if not many.

McCleary also asserts that she "understands that there is an issue as to whether Midwest timely filed its claims within the statute of limitations." (*Id.*) Consolidation has no effect on this issue, and this issue appears to have no effect on McCleary or Koontz. McCleary does not explain how consolidation could "prolong discovery" or why she believes discovery in her case would be stayed if "the statute of limitations issue" were raised.

Finally, McCleary asserts that Narinder is "in ill health," which could result in "delay in taking discovery" that "could result in irreparable prejudice" to McCleary. (*Id.*) It is unclear how consolidation has anything to do with this. If McCleary needs to depose or otherwise seek discovery from Narinder, his ill health might cause some delay, but that would be true whether or not the cases were consolidated.

In short, McCleary's post-consolidation opposition, which the Court construes as a motion for reconsideration, fails. Because the two cases involve common questions of both law and fact and because McCleary's rights have not been prejudiced due to consolidation, *Hall*, 584 U.S. at 72, there is no reason for the Court to reverse its decision to consolidate the cases.

Accordingly,

**IT IS ORDERED** that McCleary's post-consolidation opposition to consolidation, which the Court construes as a motion for reconsideration (Doc. 62), is **denied**.

…

…

…

…

      **IT IS FURTHER ORDERED** that the Clerk shall amend the docket to reflect that attorneys Joel Robbins and Lauren Channell represent Plaintiff McCleary only, and attorney Keith Thomas Slack represents Plaintiff Koontz only.

      Dated this 8th day of November, 2024.

                                                                  Dominic W. Lanza
                                                               United States District Judge